# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 18-1237v
(Unpublished)

| | |
|---|---|
| JEAN STRONE, | |
| Petitioner, | Special Master Katherine E. Oler |
| | Filed: April 18, 2019 |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Petitioner's Motion for a Decision; Dismissal of Petition; Vaccine Act. |
| Respondent. | |

*Mark T. Sadaka*, Sadaka Associates LLC, Englewood, NJ, for Petitioner.

*Heather L. Pearlman*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION DISMISSING CASE FOR INSUFFICIENT PROOF[1]

On August 17, 2018, Jean Strone ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program,[2] alleging that she suffered from the Miller-Fisher variant of Guillain-Barré syndrome ("GBS") as a result of the influenza vaccination she received on September 29, 2015. Petition at 1, ECF No. 1. Petitioner filed her statement of completion on September 12, 2018. ECF No. 9.

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the ruling will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

On February 12, 2019, Respondent moved for an Order to Show Cause stating that the medical records filed by Petitioner documented onset at fifteen weeks post vaccination, a delay well beyond the established interval for medical feasibility. *See* Motion for Order to Show Cause, ECF No. 11; 42 C.F.R. § 100.3(c)(15)(i).

Petitioner filed her response to Respondent's motion on February 25, 2019. ECF No. 15. I held a status conference via telephone with the parties on March 12, 2019. During the conference, I expressed my concern regarding onset and the lack of corroborating evidence for Petitioner's claim. Petitioner's Counsel conceded that the medical records and Petitioner's account regarding the onset of symptoms were inconsistent and irreconcilable with the contemporaneous medical records. Following the conference, Petitioner filed a status report on April 10, 2019 indicating her intention to file the instant motion to dismiss. ECF No. 17. Petitioner filed her motion for a decision dismissing her petition on April 16, 2019. ECF No. 18.

To receive compensation under the Vaccine Program, a petitioner must prove either (1) that she suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of his vaccinations, or (2) that she suffered an injury that was actually caused by a vaccine. *See* Sections 13(a)(1)(A) and 11(c)(1). Moreover, under the Vaccine Act, a petitioner may not receive a Vaccine Program award based solely on her claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent medical expert. Section 13(a)(1). In this case, however, there is insufficient evidence in the record for Petitioner to meet her burden of proof. Petitioner's claim therefore cannot succeed and, in accordance with her motion, must be dismissed. Section 11(c)(1)(A).

**Thus, this case is DISMISSED for insufficient proof. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

<u>/s/ Katherine E. Oler</u>
Katherine E. Oler
Special Master